UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SHEILA D. BRANTNER                                                                    PLAINTIFF

v.                                                CIVIL ACTION NO. 5:18-CV-P159-TBR

DEPARTMENT OF CORRECTIONS                                       DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this action.

Sheila D. Brantner, a convicted inmate at the McCracken County Jail, initiated this action by filing a handwritten document with the following opening statement: "This is a complaint to be filed in Federal Court against Ky. Dept. of Corrections." In this initiating document, Plaintiff alleged as follows:

> I have been on parole since May 1st 2012 that ended on June 16th 2017. Then parole started again 08/10/2017 and ended again on 08/02/18. For a total of 2,229 days. Department of Corrections has allegedly took this amount of time from me for absconding which is a technical violation I did not obtain any new charges ever. That equals to 6 years 1 mo. and 9 days. If I could get this time that I am rightfully entitled to I could be served out real soon. I'm asking for this time to be granted to me.

(DN 1).

Because Plaintiff did not file her "complaint" on a form and neither paid the filing fee nor filed a request to proceed *in forma pauperis*, the Clerk of Court issued a deficiency notice directing her to do so (DN 3). Plaintiff complied and returned her complaint on a form for filing a civil-rights action pursuant to 42 U.S.C. § 1983 (DN 1-1).[1] Therein, Plaintiff alleges, "6/6/17 –

---
[1] It is unclear whether the Clerk sent Plaintiff only a § 1983 form or also a habeas form. Because it appears that Plaintiff likely intended to file a habeas petition, instead of a § 1983 action, the Court will not assess the $350.00 filing fee against her.

1872 days were added back onto my sentence. I was a Parolee from 5/1/12 – 6/16/17 and received Parole Compliance Credits . . . . 08/02/2016 357 more days were added back onto sentence." As relief, she seeks only injunctive relief in the form of "2229 off current time."

Here, Plaintiff seeks a speedier release from imprisonment. However, 42 U.S.C. § 1983 is not the proper vehicle for challenging the duration of imprisonment. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking an immediate or speedier release from detention, a § 1983 action is not the appropriate avenue for such relief. This § 1983 action, therefore, will be dismissed by separate Order.

The **Clerk of Court is DIRECTED to send** Plaintiff a form for filing a habeas petition pursuant to 28 U.S.C. § 2254 should she wish to file such an action.

Date:

cc: Plaintiff, *pro se*
4413.005